973 So.2d 72 (2007)
Christopher SAWYER Individually and on Behalf of Amber Sawyer and Trina Sawyer on Behalf of Alyssa Prejean
v.
Richard CHRISTIANA and Regal Insurance Company.
No. 07-CA-503.
Court of Appeal of Louisiana, Fifth Circuit.
November 27, 2007.
*73 Roderick Alvendia, Alvendia, Kelly & Demarest, Attorney at Law, New Orleans, Louisiana, for Plaintiff/Appellee.
Gregory W. Roniger, Law Office of Sherly Story, Attorney at Law, Metairie, Louisiana, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., THOMAS F. DALEY, and CLARENCE E. McMANUS.
CLARENCE E. McMANUS, Judge.
Plaintiff:Christopher Sawyer, filed this suit for damages occurring when he was involved in an automobile accident on May 12, 2003, in which he was rear ended by Richard Christiana.[1] Named as defendants were Mr. Christiana, his liability insurer Regal Insurance Company, and Sawyer's uninsured/underinsured motorist carrier, Transcontinental Insurance Company. Prior to trial, Sawyer settled with Christiana and Regal, leaving Transcontinental as the only remaining defendant.
After trial on the merits, the court found that Mr. Sawyer was free from fault in the accident of May 12, 2003. The court found that Mr. Sawyer suffered general damages of $54,000.00 and special medical damages of $3,474.00. The court rendered judgment in favor of Mr. Sawyer for $50,000.00, the limits of the UM policy. The court further granted Transcontinental a credit of $10,000.00 for payment, made to Mr. Sawyer by Regal Insurance Company.
Transcontinental appeals from this judgment. In its appeal it argues that the trial court erred in failing to find that plaintiff's injuries were nothing more than a minor aggravation of a pre-existing condition, and therefore in awarding excessive damages. Sawyer responds that the trial court did not commit error, as he suffered a severe and debilitating aggravation of an asymptomatic back condition as a result of the accident, warranting the award of the policy limits.
Mr. Sawyer's testimony and the evidence at trial established that in September of 1997, he was treated for back problems with medications and physical therapy. At that time, an MRI revealed a herniated disc at L4-L5 and L5-S1. His condition resolved itself. There was one flare up in 2001, necessitating a one time visit. Again, his condition resolved itself and immediately prior to the accident, he was pain free and had no restrictions on what he could do. He was able to work, and drive the long distances needed for *74 his job. He played golf and interacted with his children. He was working on his house prior to the accident.
On the date of the accident, he was rear ended. He heard a loud impact, and discovered that his back bumper had been damaged. The other car's airbag deployed on impact. He did not seek medical treatment immediately, but went to the doctor later because he felt a "stiffness" in his lower back.
Mr. Sawyer testified that he initially sought treatment with Clearview health-care center. He referred to his pain as a tightness, or a stiffness, like getting a "charley horse" (cramp). By July of 2003, he had not gotten any better, so he sought treatment with Dr. Gallagher. He was treated conservatively and released from treatment in September of 2003.
Sawyer stated that in October of 2003, he was in his workroom, and he felt a twinge when he sat on a chair. Later that week, he was driving to Morgan City when his back became progressively worse. He again sought treatment with Dr. Gallagher who ordered an MRI. The MRI showed the same disc herniation that had previously been diagnosed before. During the course of the treatment, Dr. Gallagher referred him to Dr. Waguespack, a neurosurgeon, however plaintiff was unwilling to consider surgery at that time.
Sawyer suffered a flare up of his condition in May of 2006, shortly before trial. He stated that Dr. Gallagher had referred him to a second surgeon, Dr. Steck. Sawyer stated that because of the advances in spine surgery options, he was now considering surgery as an option.
At trial Dr. Gallagher opined that, based on his review, it was more probably than not that the accident aggravated his preexisting disc condition. Dr. Gallagher stated that sitting for long periods of time, twisting the wrong way, lifting, and other such types of activities would cause flare ups of the aggravated condition. He stated that plaintiffs, option were to live with the pain, if tolerable, to alter his lifestyle and take medications, and/or to undergo surgery.
In the case of Rabalais v. Nash, 952 So.2d 653, XXXX-XXXX (La.3/9/07), 657, the Louisiana Supreme Court once again set forth the standard of review to be applied to factual determinations of the trial court:
It is well-settled that a court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of manifest error or unless it is clearly wrong. Blair v. Tynes, 621 So.2d 591, 601 (La.1993); Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). To reverse a fact-finder's determination, the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and that the record establishes that the finding is clearly wrong. Mart v. Hill, 505 So.2d 1120 (La.1987). Where the jury's findings are reasonable, in light of the record viewed in its entirety, the court of appeal may not reverse. Even where the court of appeal is convinced that it would have weighed the evidence differently to reach a different result, reversal of the trial court is improper unless the trial court's ruling is manifestly erroneous, or clearly wrong. Blair, supra. The issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. See Stobart v. State through Dept. of Transp. and Development, 617 So.2d 880 (La.1993); Cosse v. Allen-Bradley Co., 601 So.2d 1349, 1351 (La.1992); Housley v. Cerise, 579 So.2d 973 (La. 1991); Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106, 1112 (La.1990). *75 Where there are two permissible views of thelevidence, the fact-finder's choice cannot be manifestly erroneous or clearly wrong. Stobart, supra.

Even though an appellate court may feel its own evaluations and inferences are more reasonable than the fact-finder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, where conflict exists in the testimony. Rosen, supra; Areeneaux v. Domingue, 365 So.2d 1330 (La.1978). However, where documents or objective evidence so contradict the witness's story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable fact-finder would not credit the witness's story, the court of appeal may find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination. Rosell, supra.

The trial court considered all the evidence presented and found that
Before the May 12, 2003, accident, plaintiff was pain and symptom free, yet; since the accident plaintiff has had "tightness" and "stiffness" on a regular basis. This Court notes that Dr. Gallagher discharged plaintiff on September 2, 2003, and the next month plaintiff went back to Dr. Gallagher following what has been called the "Chair inc [dent." This Court does not believe that the "chair incident" was a complete and separate accident, but rather it was an irritant to Mr. Sawyer's healing aggravated herniated discs.
We have reviewed the record, and find that the trial court's conclusions were reasonable. Defendant argues that plaintiffs testimony establishes only recurrence flare-ups from his 1997 injury. The trial court found that plaintiff Was symptom free until the 2003 car accident, which made his asymptomatic condition symptomatic. Furthermore, the chair incident was not a second accident, as suggested by defendants, but instead was one of those activities that would aggravate his now symptomatic condition. We cannot say that the trial court was manifestly erroneous in this determination.
For the above discussed reasons, the decision of the trial court is affirmed. All costs are assessed against defendant/appellant.
AFFIRMED.
NOTES
[1] Suit was also filed on behalf of Sawyer's daughter and step-daughter, who were the minor passengers in Sawyer's vehicle at the time of the accident. In its judgment, the trial court found that plaintiff had failed to establish that the minor children suffered any injury, and therefore it did not award damages to the minor children. This aspect of the judgment was not appealed.